**United States District Court**
**Eastern District of New York**

File Number 16-MC-2637

In the Matter Of,

**FREDERICK M. OBERLANDER**,

    Respondent

**NOTICE OF APPEAL**

Respondent hereby this date November 4, 2024, appeals to the United States Court of Appeals for the Second Circuit from final judgment(s) ECF 33 entered on June 14, 2024, time to appeal which was tolled by a timely FRCP § 59(e) motion; from the denial of that motion, which was entered as ECF 38 on September 4, 2024; and from all other appealable orders, judgments, or decisions of this court, entered on, before, or after September 4, 2024[1]. Please note this is timely filed as the district court graciously extended time, ECF unnumbered but appearing consecutive to ECF 41, to appeal for 30 days, expiring today.

/s/ Frederick M. Oberlander

Attorney Respondent *pro se*
43 West 43rd Street, Ste. 133
New York, NY 10036

---

[1] This includes that order of August 13, 2018, ECF 14, rendered a "partial final order" pursuant to FRCP § 54(b) from which appeal was taken but remanded and jurisdiction terminated without process.

STAYED,APPEAL

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:16-mc-02637-AMD

In Re: Oberlander  
Assigned to: Judge Ann M Donnelly  
Cause: Disciplinary Proceedings

Date Filed: 10/19/2016

**In Re**

| | | |
|---|---|---|
| **Frederick Martin Oberlander** | represented by | **Frederick Martin Oberlander**<br>28 Sycamore Lane<br>PO Box 1870<br>Montauk, NY 11954<br>212-826-0357<br>Fax: 212-202-7624<br>Email: fred55@aol.com<br>PRO SE |
| | | **Frederick Martin Oberlander**<br>The Law Office of Frederick M Oberlander<br>43 West 43rd Street<br>Ste 133<br>New York, NY 10036<br>212-826-0357<br>Fax: 212-202-7624<br>Email: fred55@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **Philip Touitou** | represented by | **Philip Touitou**<br>Hinshaw & Culbertson LLP<br>800 Third Avenue<br>13th Floor<br>New York, NY 10022<br>212-471-6200<br>Fax: 212-935-1166<br>Email: ptouitou@hinshawlaw.com<br>PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2018 | 14 | ORDER: the Committee finds by clear and convincing evidence that the respondent violated Rules 3.3(f)(2), 3.4(a)(6), 8.4(a), 8.4(d), and 8.4(h) of the New York Rules of Professional Conduct. The respondent is hereby suspended from the practice of law in this Court for one year commencing on September 1, 2018.Ordered by Judge Ann M. Donnelly on 8/13/2018. (Greene, Donna) (Main Document 14 replaced on 8/13/2018) (Greene, Donna). (Entered: 08/13/2018) |
| 08/27/2018 | 15 | MOTION for Reconsideration *of Order of August 13, 2018 imposing discipline* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 08/27/2018) |
| 08/29/2018 | 16 | Emergency MOTION for Order to Show Cause *Granting immediate temporary stay sine die of that order of August 13, 2018 imposing discipline on movant*, MOTION to Stay *IS UNOPPOSED BY PANEL COUINSeL* by Frederick Martin Oberlander. (Attachments: # 1 Memorandum in Support, # 2 Declaration) (Oberlander, Frederick) (Entered: 08/29/2018) |
| 08/29/2018 | 17 | Unsigned Order to Show Cause *Why the Order of August 13, 2018 should not be stayed pending hearing of the Motion to Reconsider (Exhibit) and Resolution Thereof* |

| | | |
|---|---|---|
| | | *(Correction of Previously Incorrect PACER Event Filing)* by Frederick Martin Oberlander (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit Underlying FRCP 60 and LR 6.3 Motion to Reconside) (Oberlander, Frederick) (Entered: 08/29/2018) |
| 08/30/2018 | | ORDER granting 16 Motion to Stay: The Committee interprets the respondent's emergency motion for an order to show cause 16 as a motion to stay. The Committee's order 14 suspending the respondent for one year commencing September 1, 2018, is stayed pending the Committee's consideration of the respondent's motion for reconsideration 15 . Ordered by Judge Ann M Donnelly on 8/30/2018. (Alsarraf, Ali) (Entered: 08/30/2018) |
| 09/10/2018 | 18 | MOTION to Alter Judgment *THIS IS NOT A MOTION PER SE. IT IS A CLARIFICATION THAT, AS NOTED IN ECF 15, NO ADDITIONAL FILING PURSUANT TO FRCP 52 IS NECESSASRY TO SUPPORT THE RELIEF REQUESTED IN THE MOTION FILED AS ECF 15, AND REQUESTS THAT ECF 15 BE PROPERLY DEEMED FILED UNDER BOTH LOCAL RULE 6.3 AND FRCP 59(E) AS WELL AS PURSUANT TO ITS ORIGINAL CAPTION. IT ALSO INCLUDES A REQUEST TO TAKE JUDICIAL NOTICE, WHICH IS NOT A MOTION BUT AN EVIDENTIARY REQUEST, FOR WHICH NO PACER EVENT WAS FOUND. THE REQUEST TO TAKE NOTICE IS IDENTICAL TO THAT MADE ON ANOTHER DOCKET, WHICH IS ADOPTED, JOINED IN, AND FOR CONVENIENCE ATTACHED HERETO AS EXHIBIT 1.*, MOTION to Amend/Correct/Supplement 15 MOTION for Reconsideration *of Order of August 13, 2018 imposing discipline* , MOTION for Reconsideration , MOTION for New Trial by Frederick Martin Oberlander. (Attachments: # 1 Exhibit Lerners September 7, 2013 Request for Judicial Notice which is hereby adopted and joined in in its entirety.) (Oberlander, Frederick) (Entered: 09/10/2018) |
| 09/12/2018 | 19 | NOTICE OF APPEAL by Frederick Martin Oberlander. Filing fee $ 505, receipt number 0207–10723174. (Oberlander, Frederick) (Entered: 09/12/2018) |
| 09/13/2018 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 19 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/13/2018) |
| 10/03/2018 | 21 | USCA Notice of Stay of Appeal as to 19 Notice of Appeal filed by Frederick Martin Oberlander. A notice of appeal was filed in this case on September 12, 2018. Since at least one motion cited in FRAP 4(a)(4) has been filed in the District Court, this appeal is stayed pending resolution of the motion(s).Appellant is directed to inform this Court in writing of the status of the motion(s) at 30 day intervals beginning 30 days from the date of this notice, and within 14 days after final disposition of the last outstanding motion. Appellant is also directed to provide the Court with a copy of all dispositive orders. USCA #18–2727. (McGee, Mary Ann) (Entered: 10/03/2018) |
| 11/07/2018 | 23 | Emergency MOTION to Stay *Imposition of Discipline* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 11/07/2018) |
| 11/07/2018 | 24 | ORDER: The respondent's 23 motion for a stay of discipline pending appeal is granted. Ordered by Judge Ann M. Donnelly on 11/7/2018. (Greene, Donna) (Entered: 11/07/2018) |
| 11/07/2018 | 25 | Subsequent NOTICE OF APPEAL by Frederick Martin Oberlander *AMENDED NOTICE OF APPEAL*. Appeal Record due by 11/21/2018. (Oberlander, Frederick) (Entered: 11/07/2018) |
| 11/08/2018 | | Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 25 Subsequent Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Mejia, Salomon) (Entered: 11/08/2018) |
| 01/03/2019 | 26 | ORDER of USCA as to 25 Subsequent/Amended Notice of Appeal filed by Frederick Martin Oberlander, 19 Notice of Appeal filed by Frederick Martin Oberlander. This appeal was held in abeyance pursuant to Federal Rule of Procedure 4(a)(4). Appellant has now filed a letter indicating that the underlying motion has been decided by the |

| | | |
|---|---|---|
| | | District Court. It is ORDERED that the appeal is lifted from abeyance. Appellant is directed to file a scheduling notification letter within 14 days of the date of this order. Certified Copy Issued: 1/3/19. USCA #18–2727. (McGee, Mary Ann) (Entered: 01/03/2019) |
| 07/03/2019 | 27 | ORDER of USCA as to 25 Subsequent Notice of Appeal filed by Frederick Martin Oberlander, 19 Notice of Appeal filed by Frederick Martin Oberlander. Appellants move to consolidate the above–captioned appeals; the Appellant in 18–2727 also moves to file his motion to consolidate under seal with a redacted public version; and the Appellant in 18–2782 also moves for an order clarifying that the District Court has jurisdiction to consider the merits of a motion to unseal the docket. it is ORDERED that the motions to consolidate the appeals are DENIED, but the above–captioned appeals will be heard in tandem and the Appellants may file a single brief. The Clerks Office shall set these cases for argument before a single panel following the completion of briefing.It is further ORDERED that the motion to file under seal in 18–2727 is GRANTED.Finally, it is ORDERED that both appeals are STAYED pending the following further briefing. The parties are directed to submit, within 30 days of the date of this order, letter–briefs addressing whether, notwithstanding the filing of an amended notice of appeal incorporating the District Court's January 25, 2019 order, the case should be remanded to the District Court to consider the motion to unseal on the merits. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994) (explaining that this Court may return jurisdiction to the District Court for supplementation of the record or resolution of issues, with jurisdiction automatically restored to this Court without need for a new notice of appeal). Certified Copy Issued: 7/2/19. USCA #18–2727 (16–mc–2637) and #18–2782 (16–mc–2636) (McGee, Mary Ann) (Entered: 07/03/2019) |
| 12/12/2019 | 28 | MANDATE of USCA as to 25 Subsequent Notice of Appeal filed by Frederick Martin Oberlander [USCA #18–2727] The Appellant in 18–2782 moves for an order clarifying that the District Court has jurisdiction to consider the merits of a motion to unseal the docket. It is ORDERED that the action docketed under 18–2782 is REMANDED to the District Court to allow that court to consider a motion to unseal the docket. The mandate will issue forthwith in that appeal. Any party may restore jurisdiction to this Court by notifying this Court within 30 days of the District Courts decision on the motion to unseal. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). It is further ORDERED that the appeal docketed under 18–2727 is STAYED until the appeal docketed under 18–2782 is reinstated. Finally, it is ORDERED that, on remand, the District Court clarify its reasons for certifying the suspension Orders for immediate appeal under Federal Rule of Civil Procedure 54(b). See OBert ex rel. Estate of OBert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003); Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 171 (2d Cir. 2002) (per curiam) Issued as Mandate: 12/11/19. USCA #18–2727. Please note that additional case numbers 16–mc–2636 and USCA #18–2782 reflected on document. (McGee, Mary Ann) (Entered: 12/12/2019) |
| 12/13/2019 | | SCHEDULING ORDER: On December 12, 2019, the Second Circuit issued a mandate remanding the action docketed under USCA 18–2782 (docketed in the Eastern District under 16–mc–2636) to allow the Court to consider a motion to unseal the docket. The Second Circuit also directed the Court to clarify its reasons for certifying the suspension orders in both USCA 18–2782 and USCA 18–2727 (docketed in the Eastern District under 16–mc–2637) for immediate appeal under Federal Rule of Civil Procedure 54(b). By December 20, 2019, the parties must inform the Court, by letter not exceeding three pages, what additional briefing, if any, is appropriate on remand, and provide a proposed schedule for said briefing. Ordered by Judge Ann M. Donnelly on 12/13/2019. (Greene, Donna) (Entered: 12/13/2019) |
| 12/20/2019 | 29 | Letter *Response to this Court's December 13, 2019 request for same, see also 16–mc–2636, please note if this winds up being publicly available its not by my doing as Mr Lerner just filed his and it went up sealed but for some reason (and I notified chambers months ago) I suspect mine is going to wind up publicly available* by Frederick Martin Oberlander (Oberlander, Frederick) (Entered: 12/20/2019) |
| 04/29/2021 | 30 | Letter MOTION to Unseal Case *and for certain clarifications* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 04/29/2021) |

| 04/30/2021 | | ORDER denying 30 Motion to Unseal Case: Because the respondent filed a notice of appeal (see 25 ), the Committee is divested of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance–-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Although the Second Circuit remanded case number 16–mc–2636 for a decision on the motion to unseal that case, it did not remand this action. Accordingly, the respondent's motion to unseal the case 30 is denied. Ordered by Judge Ann M. Donnelly on 4/30/2021. (Strong, Ardis) (Entered: 04/30/2021) |
| --- | --- | --- |
| 05/21/2021 | | ORDER: In view of Magistrate Judge James Wicks' elevation to the bench, the Committee on Grievances of the Board of Judges, pursuant to Rule 1.5 of the Local Civil Rules of this Court, designates Paige Bartholomew, Esq. and Kevin Mulry, Esq., assisted by attorneys working under their supervision, to advise the Committee and prosecute any disciplinary action against the respondent. Ordered by Judge Ann M. Donnelly on 5/21/2021. (Greene, Donna) (Entered: 05/21/2021) |
| 09/01/2021 | 31 | MANDATE of USCA as to 25 Subsequent Notice of Appeal filed by Frederick Martin Oberlander. It is hereby ORDERED that the stay previously imposed by this Court is LIFTED, the motion is GRANTED, and the case is REMANDED to the District Court to allow that court to consider the motion to unseal the docket. The mandate will issue forthwith. Any party may restore jurisdiction to this Court by notifying this Court within 60 days of the District Courts decision on the motion to unseal. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). Issued as Mandate: 9/1/2021. USCA# 18–2727. (Jones, Vasean) (Entered: 09/01/2021) |
| 06/02/2023 | 32 | Letter *requesting clarification of any effect on this matter of this Court's Order of May 9, 2023 on Mr. Lerner's docket* by Frederick Martin Oberlander (Oberlander, Frederick) (Entered: 06/02/2023) |
| 06/14/2024 | 33 | ORDER. The Committee finds by clear and convincing evidence that the respondentviolated Rule 3.4(a)(6). The Committee previously found that the respondent should be suspended for one year for the violations identified in its 2018 order; in view of the seriousness of the violation of Rule 3.4(a)(6), the Committee concludes that an additional year suspension is warranted, for a total of two years. Ordered by Judge Ann M. Donnelly on 6/13/2024. (DG) (Entered: 06/14/2024) |
| 06/25/2024 | 34 | Letter *requesting clarification on timing re pre–appeal motion or noa filing.* by Frederick Martin Oberlander (Oberlander, Frederick) (Entered: 06/25/2024) |
| 07/12/2024 | 36 | First MOTION to Vacate *Order of June 14, 2024* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 07/12/2024) |
| 07/15/2024 | 37 | MOTION to Vacate *corrected to conform to the individual rules of the Hon. Anne Donnelly with respect to double spacing, font, and margine...no substantive changes only a few words removed to avoid orphan pages with only one short line on them.* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 07/15/2024) |
| 09/04/2024 | 38 | ORDER. The respondent has not established "manifest injustice" or "extraordinary circumstances" that justify relief from the judgment.The Committee also rejects the respondent's claim that it denied him due process because it did not hold an evidentiary hearing. The respondent does not point to controlling decisions that the Committee overlooked that justify relief; indeed, controlling authority permits the Committee to decline to hold a hearing where the respondent has not shown good cause for one, which he did not do here. "Procedural due process is a flexible concept," and "[i]n a disciplinary case, due process requires only that [a] respondent be given notice of the charges against him and an opportunity to be heard." In re Feinman, No. 96–CV–5796, 2000 U.S. Dist. LEXIS 19785, at *17 (E.D.N.Y. Mar. 18, 2000) (citing In re Jacobs, 44 F.3d 84, 90 (2d Cir. 1994)); see also Local Rule 1.5(d)(1) ("If good cause is shown to hold an evidentiary hearing, the Committee on Grievances may direct such a hearing...."). To the extent the respondent argues that he showed good cause to hold a hearing, he does not provide sufficient justification for relitigating the issue. Indeed, the Committee discussed the facts underlying the Rule 3.4(a)(6) violation at length in its 2018 opinion and found that those facts are not in dispute. (See ECF No. 33 at 810; ECF No. 34 at 23.)Characterizing the Committee's ruling as the equivalent of a finding of civil or criminal contempt, the respondent maintains that due process requires an evidentiary hearing or even a jury trial. (ECF No. 37 at 5.) |

| | | |
|---|---|---|
| | | This argument is also unpersuasive. This is not a contempt proceeding. It is a disciplinary proceeding. Unlike civil and criminal contempt charges, "the Rules of Professional Conduct lack the force of law." In re Thelen LLP, 736 F.3d 213, 223 (2d Cir. 2013). Moreover, "'an attorney subject to a... disciplinary proceeding' is entitled to narrower due–process protections than the full panoply of federal constitutional protections that apply to a criminal prosecution.'" In re Demetriades, 58 F.4th 37, 4849 (2d Cir. 2023) (quoting In re Jacobs, 44 F.3d at 89). These protections, as discussed above, include only notice and an opportunity to be heard. In re Feinman, 2000 U.S. Dist. LEXIS 19785, at *17. The respondent identifies no controlling authority to the contrary. It also makes no sense to treat a violation of Professional Rule 3.4(a)(6) as the equivalent of contempt. The rule prohibits attorneys from, among other things, "knowingly engag[ing] in... illegal conduct," meaning that the same conduct can be punishable under professional ethics rules and under state or federal law; it does not follow that a sanction under the professional rules is the same thing as a sanction under law. The Committee has reviewed the remainder of the respondent's arguments and finds no reason to reconsider its determination. This order, like the June 14, 2024 order, "is a final order and may be immediately appealed, there being no necessity in such matters to issue a Judgment." In re Weinstock, No. M–2–238, 2005 U.S. Dist. LEXIS 7051, at *45 (S.D.N.Y. Apr. 22, 2005). The respondent's "time to file an appeal from the [June 14, 2024] judgment runs from the entry of this order." Roistacher v. Bondi, 624 F. App'x 20, 21 (2d Cir. 2015). Ordered by Judge Ann M. Donnelly on 9/4/2024. (DG) (Entered: 09/04/2024) |
| 10/02/2024 | 39 | Letter MOTION for Extension of Time to File *Notice of Appeal* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 10/02/2024) |
| 10/03/2024 | | ORDER granting 39 Motion for Extension of Time. Mr. Oberlander's notice of appeal is due by October 18, 2024. Ordered by Judge Ann M. Donnelly on 10/3/2024. (CE) (Entered: 10/03/2024) |
| 10/16/2024 | 40 | Second MOTION for Extension of Time to File *Notice of Appeal* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 10/16/2024) |
| 10/16/2024 | | ORDER granting 40 Motion for Extension of Time. Mr. Oberlander's notice of appeal is due by October 28, 2024. Ordered by Judge Ann M. Donnelly on 10/16/2024. (CE) (Entered: 10/16/2024) |
| 10/28/2024 | 41 | Third MOTION for Extension of Time to File *NOA or equivalent* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 10/28/2024) |
| 10/28/2024 | | ORDER granting 41 Motion for Extension of Time. Mr. Oberlander's notice of appeal is due by November 4, 2024. Ordered by Judge Ann M. Donnelly on 10/28/2024. (CE) (Entered: 10/28/2024) |
| 11/04/2024 | 42 | First MOTION for Reconsideration *This is a Rule 60 motion; there is it seems no PACER or ECF transaction code for that* by Frederick Martin Oberlander. (Oberlander, Frederick) (Entered: 11/04/2024) |
| 11/04/2024 | 43 | NOTICE OF APPEAL by Frederick Martin Oberlander. Filing fee $ 605, receipt number ANYEDC–18460991. Appeal Record due by 11/27/2024. (Oberlander, Frederick) (Entered: 11/04/2024) |
| 11/04/2024 | 44 | Amended MOTION for Reconsideration *this is a typo corrected and double spaced versioni of the exact same document filed earlier as a Rule 60 motion* by Frederick Martin Oberlander. (Attachments: # 1 Exhibit 1) (Oberlander, Frederick) (Entered: 11/04/2024) |
| 11/05/2024 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 43 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 11/05/2024) |