UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                  :

In The Matter Of,                          :

                                  :

**FREDERICK M. OBERLANDER**, an attorney  :  **ORDER**
admitted to practice before this Court,

                                  :  16-MC-2637 (AMD)

                        Respondent.    :

                                  :

                                  :

------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       The Committee on Grievances for the United States District Court for the Eastern District

of New York (the "Committee") commenced this proceeding to determine whether the

respondent committed ethical violations by participating in a scheme to publicize sealed

documents from Felix Sater's 1998 criminal case. On August 13, 2018, the Committee found

that the respondent violated the following New York Rules of Professional Conduct: Rule

3.3(f)(2) (discourteous conduct); Rule 8.4(a) (violations of the rules of professional conduct);

Rule 8.4(d) (conduct prejudicial to the administration of justice); and Rule 8.4(h) (conduct

reflecting adversely on lawyer's fitness). (ECF No. 14 at 25.)[1] The Committee concluded that

the respondent should be suspended for one year. (*Id.* at 41.)

       The Committee also found by clear and convincing evidence that the respondent violated

Rule 3.4(a)(6) for attempting to obtain a settlement by threatening illegal conduct (*id.* at 35–39);

however, the Committee deferred decision on whether the respondent violated this rule by

contravening court orders and disclosing certain sealed materials until a criminal investigation by

---

[1] The Committee found that the evidence did not support violations of Rules 3.1 (frivolous conduct) or
3.2 (dilatory tactics). (ECF No. 14 at 29–31.)

the U.S. Attorney's Office for the Northern District of New York (the "Northern District")

concluded (*id.* at 25).  That investigation is now over.  For the following reasons, the Committee

finds the respondent contravened court orders and improperly disclosed sealed materials in

violation of Rule 3.4(a)(6).

## BACKGROUND

The facts of this long-running disciplinary matter are detailed in the Committee's 2018

decision,[2] familiarity with which is assumed, and will not be repeated except as necessary to

explain the Committee's decision on the open matter.[3]

In December 1998, Felix Sater pled guilty before the Honorable I. Leo Glasser to an

information charging him with violating the Racketeer Influenced and Corrupt Organizations

Act, 18 U.S.C. § 1962(c) ("RICO").  (ECF No. 14 at 4.)  As part of his plea, Sater entered into a

cooperation agreement with the U.S. Attorney's Office for the Eastern District of New York (the

"Eastern District").  (*Id.*)  Sater assisted the government in its investigation for more than ten

years.  (*Id.*)  Because of the sensitive nature of this investigation — and the risk to Sater because

of his cooperation — Judge Glasser sealed the action and the entire docket.  (*Id.*)  Sater was

sentenced in October 2009.  (*Id.*)

Sater joined Bayrock Group LLC, a real estate development firm, in 2002.  (*Id.*)  Joshua

Bernstein worked at Bayrock as a financial analyst from November 2006 until he was fired in

---

[2] This matter is related to a separate disciplinary action, based on this same set of facts, in which Richard
Lerner, the respondent's lawyer, is the respondent.  *See In re Lerner*, No. 16-MC-2636 (the "Lerner
Action").  The citations in this Order to "Lerner ECF No. ___" refer to documents on the docket in the
Lerner Action.

[3] The Committee has issued five orders in this matter and in *In re Lerner*, including: (i) an August 13,
2018 order finding certain ethical violations (ECF No. 14); (ii) an October 24, 2018 order denying
reconsideration (ECF No. 22); (iii) a November 20, 2020 order on Lerner's motion to unseal (Lerner
ECF No. 52); (iv) a March 16, 2021 collateral order on Lerner's motion to unseal (Lerner ECF No. 62);
and (v) a May 9, 2023 final order to unseal (Lerner ECF No. 72).

September 2008. (*Id.* at 4–5.) During this time, Bernstein maintained a hard drive with a copy of all Bayrock files; those files included emails and documents that Sater sent to his attorney in connection with the sealed criminal proceedings before Judge Glasser: (i) his cooperation agreement, (ii) a December 10, 1998 Department of Justice financial statement, (iii) two proffer agreements, and (iv) a June 28, 2004 presentence investigation report (collectively, the "Sealed Materials"). (*Id*. at 5.) Before he left the company, Bernstein gave the respondent copies of the Sealed Materials. (*Id.*)

The respondent sued Sater in the Southern District of New York for civil RICO violations in May 2010, alleging that Sater and his former business associates, through Bayrock, engaged in a RICO conspiracy involving tax evasion, money laundering, embezzlement, and fraud. (*Id.*) The respondent attached portions of the Sealed Materials as exhibits to the complaint, including five pages from the presentence investigation report, the proffer agreements, and the cooperation agreement. (*Id.* at 5–6.) The complaint also referred to information from the Sealed Materials, including details about Sater's cooperation with the government. The case was assigned to the Honorable Naomi Reice Buchwald. (*Id.* at 6.) *See Kriss et al v. BayRock Group LLC et al*, No. 10-CV-3959 (S.D.N.Y.).

On May 13, 2010, Judge Buchwald directed that "no further dissemination" of the respondent's complaint or the sealed information appended thereto could be made without the Court's permission. (Lerner ==ECF No. 13-3 at 1==.) Judge Buchwald also directed that the respondent immediately inform any individuals who had received a copy of the complaint that they were not to disseminate the complaint or the Sealed Materials. (*Id.*) The next day, Judge Buchwald sealed the complaint and directed the respondent to file a redacted version of the original complaint. (Lerner ==ECF No. 13-4 at 2==.)

On May 18, 2010, Sater moved for a preliminary injunction before Judge Glasser for the return of the Sealed Materials. (Lerner ECF No. 13-5.) Shortly thereafter, the respondent hired Lerner to represent him in connection with the proceedings before Judge Glasser. (Lerner ECF No. 19 at 10.) Judge Glasser enjoined the respondent and his clients from disseminating the Sealed Materials pending a hearing on the motion. (Lerner ECF No. 13-5 at 1–2.) At that hearing, on June 14, 2010, Judge Glasser emphasized that Sater's case had been under seal since its inception, that the Sealed Materials stated explicitly that they were sealed, and that the respondent was aware that they were sealed. (Lerner ECF No. 13-9 at 5:12–6:19, 8:1-4.) Judge Glasser found that attaching the Sealed Materials to the Southern District complaint "was a disclosure of information which was reckless and significantly endangered the life of the person to whom that information related" (*id.* at 11:13-15); he adjourned the hearing until June 21, 2010 (*id.* at 15:6-11). Lerner agreed that "there's an awful lot of information in [Sater's] cooperation agreement which is very sensitive." (*Id.* at 8:10-13.)

On June 21, 2010, Judge Glasser issued a permanent injunction, restraining the respondent from disseminating the Sealed Materials and directing him to return the Sealed Materials to the U.S. Attorney's Office. (Lerner ECF No. 13-10 at 88:2–4, 91:25–92:7.)[4] The respondent did not comply with that order. Accordingly, on July 20, 2010, Judge Glasser issued a further temporary restraining order against the dissemination of any copies of the presentence investigation report. (Lerner ECF No. 13-17 at 26:1–27:15.)[5] During this hearing, Judge Glasser found that: (i) the respondent knew the Sealed Materials were sealed before he filed them

---

[4] At this hearing, the respondent acknowledged that he alleged in the Southern District complaint that the proffer agreements and the cooperation agreement "were sealed." (Lerner ECF No. 13-2 ¶ 96; Lerner ECF No. 13-10 at 34:2–35:15).

[5] Lerner claimed falsely that Judge Glasser's earlier order applied only to the "original" copy of the PSR that the respondent obtained from Bernstein. (Lerner ECF No. 13-17 at 15:2–16:7.)

publicly; (ii) Bernstein obtained the Sealed Materials wrongfully; and (iii) the respondent had "documents which he knew or perhaps should have known may have been improperly obtained by Bernstein and passed onto him." (*Id.* at 18:18–19:8, 20:13-14.)[6]

On February 14, 2011, the Second Circuit issued a summary order temporarily enjoining the respondent from distributing publicly any of the Sealed Materials. (Lerner ECF No. 14-4 at 1.) At the Second Circuit's direction, then-Chief Judge Raymond Dearie appointed the Honorable Brian M. Cogan as special master "with the limited mandate of implementing and overseeing compliance with our orders and the orders previously entered by Judge Glasser," and to "to ensure the parties' compliance with [the Second Circuit's] orders . . . and any that have been, or may hereafter be, entered by Judge Glasser." *Roe v. United States,* 428 F. App'x 60, 63–65 (2d Cir. 2011). At an April 1, 2011 hearing before Judge Cogan, Lerner revealed that the respondent had still not destroyed or returned electronic and papers copies of the Sealed Materials. (Lerner ECF No. 14-9 at 11:5–12:5.) Judge Cogan issued oral and written orders directing the respondent to destroy or return any remaining electronic or paper copies of the Sealed Materials without prejudice to his ability to seek the documents if the Second Circuit vacated any of the various sealing orders. (Lerner ECF No. 14-9 at 14:3-6; Lerner ECF No. 14-10 at 1.)

On May 13, 2011, Judge Cogan denied the respondent's request to release the following information from the Sealed Materials: (1) Sater's identity in connection with the criminal proceedings; (2) the nature of the predicate acts underlying Sater's RICO conviction; and (3) Sater's sentence of probation and $25,000 fine. (Lerner ECF No. 14-21 at 3–4.) Judge

---

[6] In his July 16, 2010 response to Judge Glasser's restraining order, the respondent vowed to move for "the unsealing of every secretly sealed docket in this court house," and declared "I will not be silenced" and that "there is nothing that the court can do to me." (Lerner ECF No. 13-13 ¶¶ 4, 6, 17.)

Cogan observed that while information "available to the public" was not covered by the Second Circuit's injunction, the respondent could not "extrapolat[e] from sealed documents . . . [which] could easily be combined with and thereby tainted by [the respondent's] knowledge of non-public, sealed information." (*Id.* at 2.) Judge Cogan reviewed the specific information that the respondent wanted released and concluded that "[i]t seems obvious that [the respondent] is seeking to fatally undermine the purpose of the injunctions by publishing information that would render them ineffective." (*Id.* at 3–4.)

On June 29, 2011, the Second Circuit affirmed Judge Glasser's June 21, 2010 order forbidding the respondent from disseminating the presentence investigation report. (Lerner ECF No. 14-27 at 1–2, 6.)[7] The court warned the respondent that "any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions . . . ." (*Id.* at 2, 6.)

On February 15, 2012, Judge Cogan ordered Lerner and the respondent to show cause why they should not be held in contempt for violating the Second Circuit's February 14, 2011 order by revealing their identities in a February 5, 2012 New York Times article entitled "By Revealing Man's Past, Lawyer Tests Court Secrecy." (ECF No. 14 at 16–17.)[8] The respondent moved to quash or vacate the order to show cause, and made numerous baseless and inflammatory statements about Judge Glasser, Judge Cogan, and the federal judiciary. (Lerner ECF No. 15-5.)[9] On February 27, 2012, Judge Cogan referred the matter to the U.S. Attorney's

---

[7] The Second Circuit remanded in part to allow Judge Glasser to issue a "final determination" as to whether the respondent should be enjoined from disclosing the Sealed Materials outside of the presentence investigation report. (Lerner ECF No. 14-27 at 2.)

[8] On July 31, 2012, *The Miami Herald* published an article entitled "High court reveals secret deal of Trump developer's crimes;" the article named Sater and appeared to reference information that had been redacted from the publicly filed petition. (Lerner ECF No. 19 at 33–34.)

[9] These statements are detailed in the Court's August 13, 2018 Order. (*See* ECF No. 14 at 17–18.)

Office to determine whether to prosecute Lerner and the respondent for criminal contempt.  The U.S. Attorney's Office for the Eastern District recused itself and referred the matter to the U.S. Attorney's Office for the Northern District.  (Lerner ECF No. 15-7.)  The Northern District has concluded that investigation without filing charges.[10]

On June 9, 2014, Sater's counsel filed a disciplinary complaint against the respondent. (ECF No. 1 at 1.)  As noted above, on August 13, 2018, the Committee found that the respondent violated Rules 3.3(f)(2), 8.4(a), 8.4(d), and 8.4(h) of the New York Rules of Professional Conduct, and reserved judgment on the question of whether the respondent violated Rule 3.4(a)(6) for contravening court orders and disclosing the Sealed Materials.  (ECF No. 14 at 35.) The Committee denied the respondent's motion for reconsideration on October 24, 2018, (ECF No. 22.)

## LEGAL STANDARD

The Committee is authorized to discipline an attorney if, after giving the attorney notice and an opportunity to respond, it finds by clear and convincing evidence that "[i]n connection with activities with this court," the attorney "engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York."  Local Rule 1.5(b)(5).  Discipline "may consist of a letter of reprimand or admonition, censure, suspension, or an order striking the name of the attorney from the roll of attorneys to the bar of this Court."  Local Rule 1.5(c)(1).

---

[10] That investigation was the subject of an appeal to the Second Circuit.  *Oberlander v. United States (In re Grand Jury Proceedings)*, 971 F.3d 40 (2d Cir. 2020).

## DISCUSSION

Rule 3.4(a)(6) prohibits attorneys from "knowingly engag[ing] in . . . illegal conduct or conduct contrary to these Rules." The Committee charged the respondent with violating this rule "by knowingly engaging in illegal conduct by contravening court orders, disclosing the Sealed Materials, and attempting to obtain a settlement by threatening further illegal conduct." (ECF No. 3 at 6.)

The Committee finds that the respondent violated Rule 3.4(a)(6) when he knowingly contravened court orders by failing to destroy or return the presentence investigation report and publicly distributing or revealing the contents of the Sealed Materials. First, as Judge Glasser pointed out, the materials were sealed in 1998, when Sater pled guilty. Moreover, there were multiple orders from different courts directing the respondent and Lerner to return or destroy the presentence investigation report and to refrain from publicizing the Sealed Materials:

- On May 13, 2010, Judge Buchwald directed that "no further dissemination of the [May 10, 2010 SDNY] complaint and exhibits thereto or the sealed information contained therein be made pending further order of the court." Judge Buchwald also directed that the respondent immediately inform any individuals who had received a copy of the complaint that they were not to disseminate the complaint or the Sealed Materials.

- Judge Buchwald sealed the SDNY complaint pending further order of the Court and directed the respondent to file a redacted version of the original SDNY Complaint, redacting any sealed materials or references to the Sealed Materials by May 19, 2010.

- On June 21, 2010, Judge Glasser permanently enjoined the respondent and Lerner from disseminating the presentence investigation report and its contents and ordered the respondent to return the presentence investigation report to the U.S. Attorney's Office, an order that he repeated on July 10, 2010, after it was revealed that the respondent had disobeyed the June 21st order.

- On February 14, 2011 the Second Circuit enjoined the respondent and Lerner from publicly distributing or revealing the contents of documents subject to sealing orders in the appellate proceedings or in any related proceedings before the EDNY and SDNY.

- On April 4 and April 11, 2011, Judge Cogan ordered the respondent and Lerner to destroy or return any remaining electronic or paper copies of the presentence investigation report and other sealed documents.

- On May 13, 2011, Judge Cogan ordered that the respondent and Lerner could not "extrapolate from sealed documents … [that which] could easily be combined with and thereby tainted by [the respondent's] knowledge of non-public sealed information."

- On June 29, 2011, the Second Circuit affirmed Judge Glasser's June 21, 2010 permanent injunction and admonished the respondent and Lerner that "any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions . . . ."

The respondent and Lerner repeatedly violated or threatened to violate these orders, as detailed in the Committee's August 13, 2018 Order:

- The respondent ignored Judge Glasser's June 2010 order and retained the Sealed Materials, which prompted Judge Glasser to repeat the order in July 2010; the respondent also defied this directive.

- The respondent wrote in an October 18, 2010 demand letter to Sater and other SDNY defendants, "At this time, plaintiffs will very favorably consider settling the entirety of all claims known and unknown for their actual damages of $35,000,000 . . . . It is the least amount which plaintiffs would be willing to accept for a quick settlement that avoids the dissemination."

- The respondent wrote in a November 9, 2010 demand letter to Sater's counsel, "If you wish Mr. Sater's activities lawfully kept quiet to any extent, stand still, stop filing motions and get out of the way so Plaintiffs can try to resolve the case before everything uploads to PACER and goes public."

- In that same November 9, 2010 demand letter later, the respondent wrote, "No power on this earth will much longer prevent as much lawful and legal worldwide dissemination of this Complaint and every document attached thereto or referenced therein as the public and press doing the dissemination think its value justifies."

- Lerner admitted at the February 14, 2011 Second Circuit oral argument that the respondent was still in possession of electronic copies of the PSR.

- The respondent had not yet destroyed or returned electronic and paper copies of the original presentence investigation report and other Sealed Materials when he and the respondent appeared before Judge Cogan in April 2011.

- On February 6, 2012, *The New York Times* published an article entitled "By Revealing Man's Past, Lawyer Tests Court Secrecy," that revealed both the respondent's and Lerner's identities, in violation of the Second Circuit's order.

- Shortly after *The New York Times* article was released, several other articles surfaced, including one from *The Miami Herald* that published Sater's name and photograph, and discussed the contents of the Sealed Materials.

The record establishes convincingly that the respondent violated Rule 3.4(a)(6). He persisted in his refusal to return or destroy the presentence investigation report, in contravention of multiple court orders, and disseminated the Sealed Materials. As the Committee found in its earlier decision, the respondent has expressed no remorse for his conduct.

Accordingly, the Committee finds by clear and convincing evidence that the respondent violated Rule 3.4(a)(6). The Committee previously found that the respondent should be suspended for one year for the violations identified in its 2018 order; in view of the seriousness of the violation of Rule 3.4(a)(6), the Committee concludes that an additional year suspension is warranted, for a total of two years.

**SO ORDERED.**

s/Ann M. Donnelly

_____
Hon. Ann M. Donnelly, U.S.D.J.
Chair of the Committee on Grievances
For the United States District Court
Eastern District of New York

Dated: Brooklyn, New York
        June 13, 2024