### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
**Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone:  212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s):  __24-2974__                                   Caption [use short title]

**Motion for:**

**Motion to Reconsdier Denial of Motion for Abeyance**

Set forth below precise, complete statement of relief sought:

**Limited abeyance pending adjudication of identical an potsntially incomaptible issues and results.**

**MOVING PARTY:** Frederick M. Oberlander            **OPPOSING PARTY:** **EDNY GRIEVANCE COMMITTEE**

[ ] Plaintiff          [ ] Defendant
[✓] Appellant/Petitioner   [ ] Appellee/Respondent

**MOVING ATTORNEY:** Frederick M. Oberlander, atty pro se    **OPPOSING ATTORNEY:** **KEVIN MULRY**

[name of attorney, with firm, address, phone number and e-mail]

The Law Office of Frederick M. Oberlander PC       **Farrell, Fritz 400 RXR Plaza, Uniondale, NY 11556**

43 West 43rd Street, Suite 43, NY NY 10036         **516.227.0700  kmulry@farrellfritz.com**

212.826.0357 P 212.202.7624 F fred55@aol.com

Court-Judge/Agency appealed from: The Hon. Ann Donelly (EDNY) fbo EDNY Grievance Committee

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
**XX**  [ ]  **Yes**

Opposing counsel's position on motion:
        **XX**  Opposes
    [ ]  **XX  Intends to file**

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?            [ ] Yes  [ ] No
Has this relief been previously sought in this Court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  [ ]  [✓] Yes  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ]  [✓] No  If yes, enter date:

**Signature of Moving Attorney:**
___/s/ Frederick M. Oberlander___ Date: **07/21/2026**   Service by: [✓] CM/ECF   [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Appellant's Motion for Reconsideration of Order Denying Abeyance**

Appellant respectfully moves under FRAP 27(b) for reconsideration of the order denying his prior motion to hold this appeal in abeyance. The premise of the prior request has now become concrete: proceedings in the United States Court of Federal Claims are actively testing the existence of the same purported 1998 sealing order that underlies the contempt, disciplinary, and appellate determinations at issue here, and will very shortly be followed by commensurate proceedings here.

The attached filing already filed asks the Court of Federal Claims to require the Department of Justice to produce that order—or formally account for its nonexistence—after invoking the order as a factual jurisdictional predicate while refusing to place it before that court. Of course, that is not surprising insofar as the Department of Justice is very well aware that there is no such order.

The question is no longer whether two tribunals might someday confront inconsistent versions of the same event. They are doing so now. But, as the panel perhaps, respectfully, may be unaware, because the claims there sound in Tucker and thus trigger sovereign immunity waiver, the decision of that court on its subject matter jurisdiction is always and everywhere absolutely independent of any other court decides IN that aspect. This creates the risk of an unseemly result where an Article I and Article III court cannot determine consistently whether an order exists, the consequences of which decision are historic. This is because the asserted sealing order is not collateral background. But rather is the indispensable juridical predicate from which contempt, injunction, discipline, and the sovereign's jurisdictional position have been made to flow. If the Court of Federal Claims finds that no such order existed, or that the Government cannot produce or authenticate it, the predicate is a nullity and every determination dependent upon it loses its lawful foundation with respect to that court's processes. Thus, continued adjudication here before that question is resolved risks not

1

merely inconsistency, but entrenchment of consequences resting upon an alleged fabricated judicial act.

That risk is immediate. The Court of Federal Claims is being asked to determine whether the United States may obtain dispositive jurisdictional consequences from an order it will not produce. This Court is simultaneously being asked to proceed in an appeal whose record and disciplinary theory treat that same order as existent, binding, and beyond challenge. The sovereign cannot be permitted to maintain one reality in one tribunal and a contradictory reality in another while each, or any one, court acts in ignorance of the collision.

A limited abeyance is therefore necessary to protect the integrity of this Court's review, prevent incompatible federal adjudications, and avoid multiplying the effects of the very alleged record fabrication now being placed directly before another federal court. The attached filing did not exist when the prior motion was denied. It materially changes the posture and supplies the concrete intertribunal conflict the earlier motion sought to prevent.

Appellant will promptly submit further material filing or ruling from the Court of Federal Claims bearing upon the existence, production, or asserted legal effect of the purported sealing order as well as all such other filings made here, including an imminent motion to recal the 2011 CA2 mandate that purported to have performed de novo review of the non-existent order despite its incorporeality and thus absence form the appellate record in any detectable form.

Appellant respectfully requests reconsideration and a limited abeyance pending adjudication in the Court of Federal Claims of the existence and legal status of the purported 1998 sealing order.

Respectfully submitted,

/s/ Frederick M. Oberlander
Attorney Appellant *pro se*

2